IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT L. HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-377-SLP |
| | ) |
| SYLVAIN YANG and | ) |
| TRAVIS SMITH, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant Travis Smith's Motion to Dismiss Plaintiff's Complaint and Brief in Support, or Alternatively, Motion for a More Definite Statement [Doc. No. 12]. Plaintiff has not responded to the Motion and the matter is now at issue.[1] For the reasons that follow, Defendant Smith's Motion is GRANTED and Plaintiff's claims against Defendant Smith are dismissed with prejudice.

**I.   Introduction**

Plaintiff, Robert L. Hatcher (Plaintiff), brings this action against Defendant Sylvain Yang (Mr. Yang) and Defendant Travis Smith (Mr. Smith). Plaintiff's claims arise from his lease agreement with Mr. Yang as to certain residential real properly located in Oklahoma City, Oklahoma. Mr. Smith is an attorney licensed to practice law in the State of Oklahoma. Mr. Smith previously represented Mr. Yang in a forcible entry and detainer

---

[1] Notwithstanding this Court's local rules, which grant the Court discretionary authority to deem the Motion confessed, *see* LCvR 7.1(g), the Tenth Circuit requires a district court "to still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

action brought against Mr. Hatcher in Oklahoma state court. Plaintiff's claims against Mr. Smith arise from that representation.[2]

## II. Governing Standard

To survive dismissal under Rule 12(b)(6), the allegations of the complaint must establish a plausible claim for relief. *North Mill Street, LLC v. City of Aspen*, 6 F.4th 1216, 1230 (10th Cir. 2021). Where the Court reviews the sufficiency of the allegations of a pro se complaint, the Court applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

## III. Factual Allegations of the Complaint

Plaintiff purports to sue Mr. Smith in his capacity as agent for Defendant Yang. *See, e.g.*, Compl. [Doc. No. 1] at 5-6. Plaintiff alleges that "Defendant Smith in concert and participation with Mr. Yang had filed in the District Court of Oklahoma County, Case No. SC-2024-4745 a SUMMONS Forcible Entry & Detainer." *Id.*, ¶ 28.[3] According to Plaintiff, "Mr. Smith and Mr. Yang working in concert and participation with each other

---

[2] Plaintiff brings additional claims against Defendant Yang alleging a violation of his rights under the Fair Housing Act. Those claims are not presently before the Court.

[3] The Petition filed in the state-court action is attached to the Complaint. *See* Doc. No. 1-1 at 3-4.

conspired to force Mr. Hatcher out of his legal residence by submitting false and defamatory allegations without any proof." *Id.*, ¶ 30. The alleged false and defamatory allegations were made in the filings submitted in the state-court proceedings. *Id. see also id.*, ¶ 34. Plaintiff alleges Mr. Smith prepared the filings "negligently, with knowledge of the falsity of the allegations and statements, and/or with reckless disregard of their truth or falsity. *Id.*, ¶ 21; *see also id.*, ¶¶ 32, 34.

## IV. Discussion

Mr. Smith seeks dismissal of Plaintiff's claims brought against him on grounds that, assuming any false or defamatory statements were made by him, Plaintiff alleges such statements were made in the course of state-court proceedings and, as such, are privileged. The Court agrees. *See, e.g., Springer v. Richardson Law Firm*, 239 P.3d 473, 475 (Okla. Ct. App. 2010) (recognizing "litigation privilege" under Oklahoma law that "accords attorneys . . . immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings" and "applies regardless of whether the communications are true or false.'" (*quoting Samson Inv. Co. v. Chevallier*, 988 P.2d 327, 330; *Kirschtein v. Haynes*, 788 P.2d 941, 950 (Okla. 1990) (cleaned up)); *see also Jones v. England*, 402 F. App'x 326, 328 (10th Cir. 2010) (recognizing the long-standing rule in Oklahoma that attorneys are immune from defamation and other suits based on communications made during or preliminary to judicial proceedings); Okla. Stat. tit. 12, § 1443.1 (codifying privilege). Plaintiff's allegations demonstrate that the alleged defamatory statements were made in the course of judicial proceedings in state court and the statements were in some way relevant to those proceedings. Notwithstanding any

3

alleged self-interest or malice by Defendant Smith in making the statements, they are privileged. *See Jones*, 402 F. App'x at 328. Therefore, dismissal of Plaintiff's claims against Mr. Smith is proper.

The Court further agrees that any claim brought against Mr. Smith alleging "discrimination" is too conclusory to withstand dismissal. Plaintiff alleges no facts to show discriminatory conduct by Mr. Smith. Instead, the sole conduct of Mr. Smith as alleged in the Complaint involves Mr. Smith's filing of the state-court action on behalf of Mr. Yang.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant Travis Smith's Motion to Dismiss Plaintiff's Complaint [Doc. 1] and Brief in Support, or Alternatively, Motion for a More Definite Statement [Doc. No. 12] is GRANTED. Plaintiff's claims against Defendant Smith are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 23rd day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE