IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT L. HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-377-SLP |
| | ) | |
| SYLVAIN YANG and | ) | |
| TRAVIS SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Sylvain Yang's Motion to Dismiss [Doc. No. 23]. Plaintiff has filed a Response [Doc. No. 30] and the matter is at issue. Both parties appear pro se in this action. For the reasons that follow, Defendant's Motion is DENIED.[1]

**I.   Plaintiff's Claims**

Plaintiff invokes this Court's federal-question subject matter jurisdiction. *See* Compl., at 5 (citing 28 U.S.C. § 1331). Plaintiff alleges a violation of the Fair Housing Act (FHA) and specifically, 28 U.S.C. § 3604. Plaintiff's FHA claims are brought solely against Defendant Yang.[2]

---

[1] Defendant Yang subsequently filed a second Motion to Dismiss [Doc. No. 42] which is nearly identical to the pending Motion. The Court strikes the second Motion to Dismiss as untimely, duplicative and filed without leave of Court.

[2] Plaintiff also brought separate claims against Defendant Travis Smith. The Court previously granted Defendant Smith's Motion to Dismiss and dismissed Plaintiff's claims against him. *See* Order [Doc. No. 20].

Plaintiff alleges that Defendant Yang violated the FHA which makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(2)(A). Prohibited discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

Plaintiff is "a disabled older African American gentleman." Compl., ¶ 1. He leased a duplex from Mr. Yang. The duplex was located at 2416 N.W. 11th Street in Oklahoma City, Oklahoma. *Id.* The terms of the lease required Plaintiff to provide maintenance of the property. *Id.*, ¶ 6. When Plaintiff took "a turn for the worse, e.g., physically, mentally and emotionally" he contacted Defendant Yang and notified him he could no longer perform the maintenance work. *Id.*, ¶ 8. Defendant Yang advised Plaintiff that he could continue the maintenance as required by the lease, pay for the maintenance or be evicted. *Id.*, ¶ 9.

Plaintiff suffers from hypertension, cardiovascular disease (with two or more heart attacks), arm, feet and leg pain which affect his normal daily activities. *Id.*, ¶ 12. He also suffers from mental conditions which "affect his normal daily activities and life in a major way." *Id.*

Plaintiff continued to perform the maintenance under the lease "even though he was in physical pain." *Id.*, ¶ 10. As a result, he "sustained numerous injuries requiring, in some situations, emergency medical treatment." *Id.*, ¶ 11. Defendant Yang "refused to make

any reasonable accommodations" necessary for Plaintiff to "enjoy his housing." *Id.*, ¶ 13. And Defendant Yang was aware of Plaintiff's physical limitation, that he was disabled, and that he was 74 years old. *Id.*, ¶ 20.

Plaintiff requested to park his vehicle "in the back due to his vehicle being hit two (2) times by a hit an [sic] run driver" and Defendant Yang allowed Plaintiff to do so. *Id.*, ¶ 14. But when Defendant Yang rented "2414 NW 11th Street" to a new tenant, Mr. Ken, he denied Plaintiff "continued used [sic] of the back yard to park his vehicle." *Id.*, ¶ 14. Defendant Yang discriminated against Plaintiff "on the basis of disability and race" by "showing favorable treatment to Mr. Ken" and "denying [Plaintiff] reasonable accommodation to park in the back as he had previously done." *Id.*, ¶ 15.

## II.  Governing Standards

To survive dismissal under Rule 12(b)(6), the allegations of the complaint must establish a plausible claim for relief. *North Mill Street, LLC v. City of Aspen*, 6 F.4th 1216, 1230 (10th Cir. 2021). Where the Court reviews the sufficiency of the allegations of a pro se complaint, the Court applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

## III. <u>Discussion</u>

Defendant Yang moves for dismissal pursuant to Rule 12(b)(6) on grounds that "Plaintiff's claims are without merit, fail to state a claim upon which relief can be granted and are based on misunderstandings or misrepresentations of the facts." Mot. at 1. Defendant Yang cites no legal authority addressing the FHA in support of his arguments or otherwise explaining why Plaintiff's claims against him fail. Instead, Defendant Yang submits a "Statement of Facts." *Id.* at 2.[3] However, the Court cannot consider facts outside the pleadings in ruling on Rule 12(b)(6) Motion. *See Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) ("Generally, a court may consider only the contents of a complaint when ruling on a motion to dismiss.").[4] Accordingly, the Court finds Defendant Yang has failed to demonstrate that dismissal of Plaintiff's Complaint is proper.[5]

---

[3] These "facts" are not set forth in an affidavit made on personal knowledge or submitted under penalty of perjury and, therefore, are wholly unsubstantiated.

[4] Defendant Yang makes reference to the terms of the parties' lease agreement in his Motion. *See* Mot. at 2 ("The Plaintiff signed a lease agreement that clearly outlines the terms and conditions of the tenancy, including the exclusion of law service and the provision of adequate parking. Plaintiff's complaints regarding these issues are contradicted by the lease terms."). But the lease agreement is not attached to Plaintiff's Complaint. Under these circumstances, no valid exception would permit the Court to consider the terms of the lease. *See Cuervo*, 112 F.4th at 1312 ("[C]ourts may consider documents that a plaintiff (1) attaches to h[is] complaint; (2) incorporates by reference in h[is] complaint; or (3) refers to in h[is] complaint and that are central to h[is] complaint and indisputably authentic."). And, in any event, Defendant Yang's references to the terms of the lease are too general.

[5] Because Plaintiff is proceeding in forma pauperis, the Court may, at any time, consider whether dismissal of the Complaint is proper pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court's denial of Defendant Yang's Motion is not intended as any indication as to whether the Complaint may otherwise survive dismissal under § 1915(e)(2)(B).

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant Sylvain Yang's Motion to Dismiss [Doc. No. 23] is DENIED and Defendant Sylvain Yang's second Motion to Dismiss [Doc. No. 42] is STRICKEN. **Defendant Yang must file an answer to the Complaint within fourteen days of the date of this Order, or by June 4, 2025**.

The parties are advised that, by separate order, the Court will set this matter for a status conference.

IT IS SO ORDERED this 25th day of May, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE